# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MAURICE WILLIAMS,

      Movant,

vs.                                 No. CV 19-00470 RB/CG
                                      No. CR 13-02975 RB

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO ALTER OR AMEND JUDGMENT

THIS MATTER is before the Court on the June 14, 2019 letter from Movant, Maurice Williams (Doc. 10), which the Court construes as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). The Court will deny the motion.

On May 21, 2019, the Court received a handwritten letter from Mr. Williams. (CV Doc. 1; CR Doc. 94.) Mr. Williams's letter states that he is "challenging the Conspiracy to Commit Interference With Commerce by Robbery Hobbs Act (ct. 1&2) is not a crime of violence." (CV Doc. 1 at 1; CR Doc. 94 at 1.) The relief Mr. Williams seeks is correction of his sentence, and the Court construed the handwritten letter as a successive 28 U.S.C. § 2255 motion. *See, e.g.*, *Peach v. United States*, 468 F.3d 1269, 1270 (10th Cir. 2006). The Court entered its Memorandum Opinion and Order and its Judgment on May 23, 2019, dismissing the letter as an unauthorized second or successive § 2255 motion. (Docs. 3; 4.)

Mr. Williams filed his current Motion on June 14, 2019. (Doc. 10.) He asks the Court to "reconsider" its dismissal of his May 21, 2019 letter as a second or successive § 2255 motion. (*Id.* at 1–2.) Because the motion was filed within 28 days after entry of the Memorandum Opinion and

Order and the Judgment, the Court construes the request for reconsideration as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).

In his Motion to reconsider, Mr. Williams contends the Court misunderstood his May 21, 2019 filing. He claims that he intended it to be a letter asking the Court to order his attorney to communicate with him, not a § 2255 motion. (*See id.* at 1.) Similarly, he states that his June 14, 2019 letter asking for reconsideration is a "letter, (not motion)." (*Id.*) However, neither the Federal Rules of Civil Procedure nor the Federal Rules of Criminal Procedure permit a request to the Court to be made by letter. Instead, any request to the Court for an order mandatorily <u>must</u> be made by motion. *See* Fed. R. Civ. P. 7(b)(1) (providing that "[a] request for a court order must be made by motion"); Fed. R. Crim. P. 47(a) (providing that "[a] party applying to the court for an order must do so by motion"). Therefore, to rule on Mr. Williams's requests in his May 21, 2019 and June 14, 2019 filings, the Court must construe those filings as motions.

Moreover, there is no attorney that has been retained, appointed, or entered an appearance on behalf of Mr. Williams for purposes of collateral review. When his May 21, 2019 letter was docketed, the Court's CM/ECF system electronically notified his prior CJA counsel of the filing. However, the CJA counsel appointed to represent Mr. Williams for the criminal proceedings in CR 13-02975 RB is no longer obligated or authorized to represent him on collateral review. Therefore, the Court cannot order any counsel to communicate with Mr. Williams.

Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit

issues already addressed in prior filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Williams does not present any intervening change in the controlling law or new evidence. There is no need to reconsider to prevent clear error. His May 21, 2019 letter expressly states that he is "challenging the Conspiracy to Commit Interference With Commerce by Robbery Hobbs Act (ct. 1&2) is not a crime of violence." (CV Doc. 1 at 1; CR Doc. 94 at 1.) Mr. Williams is claiming that his sentence was imposed in violation of the Constitution and laws of the United States and, as such, his letter filing is properly treated as a motion for collateral review under 28 U.S.C. § 2255(a). *Peach v. United States*, 468 F.3d 1269, 1270 (10th Cir. 2006). Last, reconsideration is not necessary to prevent manifest injustice. Regardless of this Court's treatment of his letter as a second or successive § 2255 motion, before Mr. Williams seeks further collateral review of his criminal sentence in this Court, he must petition the United States Court of Appeals for the Tenth Circuit for authorization to proceed. 28 U.S.C. § 2255(h).

IT IS ORDERED that the June 14, 2019 letter from Mr. Williams (Doc. 10), which the Court construes as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE